## I. & G. N. R'y Co. v. W. W. Terry.

(Case No. 1598.)

1. DAMAGES — CARRIER.— Where the railway company has violated its contract with a passenger by carrying him beyond his destination, it is responsible in damages for the discomfort, inconvenience, sickness, expenses and charges shown to have been the direct, natural and proximate result of the breach of the contract.

2. SAME — CASES CITED AND APPROVED.— Brown v. Chicago, etc., R. R. Co., 54 Wis., 343; Klein v. Jewett, 26 N. J. (Eq.), 474; Matteson v. R. R. Co., 62 Barb., 364; Memphis, etc., R. R. Co. v. Whitfield, 44 Miss., 466; Spicer v. R. R. Co., 29 Wis., 580; Weed v. R. R. Co., 17 N. Y., 363; 1 Sutherland on Damages, pp. 78–103; Williams v. Vanderbilt, 28 N. Y., 217; Field on Damages, p. 343; White & Willson's Civil Cases, sec. 255, cited and approved.

3. SAME — CASES QUESTIONED.— The rule of damages for such injuries as laid down in Hadley v. Baxendale, 9 Exch., 341; Hobbs v. L. & S. W. R. R. Co., 10 L. R., Q. B., 111; Ind. R. R. v. Birney, 71 Ill., 391, and other cases, is too narrow and restricted.

4. EVIDENCE.— Proof as to the symptoms of disease which afflicted plaintiff, by one of two physicans attending, is admissible when the absence of the other is satisfactorily accounted for.

APPEAL from Milam.   Tried below before the Hon. W. E. Collard.

The appellee brought this suit in the district court of Milam county, alleging that he attained his majority on the 27th day of August, 1881, and that before that time he labored under the disability of minority, to recover of the appellant's railway company damages for the violation of his rights as a passenger on one of its freight trains, and upon which plaintiff had paid his fare from Rockdale to the depot of Milano Junction, by wrongfully carrying him beyond his destination a distance of three miles to a water tank, without his consent, and requiring him to leave the cars in the darkness of the early morning, about daylight, in bad, inclement weather, causing great physical and mental pain and discomfort; and after daylight to return through such inclement weather to Milano Junction without covering or protection, thereby causing plaintiff to contract disease, to his actual compensatory damage in the sum of $10,000.

Defendant answered by exceptions, statute of limitations of one year, contributory negligence and general denial.

The demurrer of defendant being sustained by the court, the plaintiff filed a trial amendment, setting up that, by reason of the wrongful acts of defendant in compelling plaintiff to leave the cars in bad and inclement weather, he contracted pneumonia, was confined to his bed after reaching home about ten days, suffered great

pain, and was detained from his business for a long time, put to great expense in physicians' and drug bills in the necessary treatment of the disease, to his damage as alleged in his first amended petition.

The verdict was for the plaintiff for $500 damages.

The defendant made a motion for a new trial, which was overruled.

The court charged the jury on the subject of damages as follows:

"If you further find that plaintiff was required to get off the cars in rainy, cold or inclement weather, and defendant's conductor refused to carry plaintiff on to a regular station without further pay as consideration therefor, and if you further find that such acts on the part of defendant's servants and agents under the circumstances constituted negligence on their part, then you will find for plaintiff such actual damages as the evidence shows will be a fair and reasonable compensation to him for the inconvenience, loss of time, expenses and personal injury occasioned directly and proximately by such negligence, and no more.

"If defendants were guilty of negligence to plaintiff's damage, and plaintiff was also guilty of negligence which contributed to the injury or damage, defendant would not be liable for such damage or injury unless it has been shown that the negligence of defendant's servants was the direct and proximate cause of the damage; nor would plaintiff be entitled to recover for injury or special damage on account of defendant's negligence if he could have avoided the consequences of such negligence by the exercise of reasonable care and prudence on his part, that is, such care and prudence as an ordinarily careful and intelligent person would have used under the circumstances. But if defendant negligently carried plaintiff beyond his destination, and the station passed was a regular station where they received and discharged passengers, or if it was a junction of two roads in operation, and if defendant required plaintiff to get off the train at the tank, after he had paid his fare to the station passed, then he would be entitled to recover some damages, even though he has not shown any special damages resulting to him from the negligence of defendant, as the proximate cause. Yet if you find from the evidence that defendants were guilty of negligence, and carried plaintiff beyond his destination, after he had paid his fare, and the conductor required him to get off at the tank, not a usual stopping place to discharge passengers, and if you find that the plaintiff voluntarily exposed himself to inclement weather, which caused him to be sick, when by use of ordinary care

he might have avoided the exposure, you cannot find any damages for plaintiff on account of sickness, expense, or loss of time incurred. It was the duty of plaintiff, after he was required to get off the cars (if you find that he was), to use ordinary care to avoid the consequences complained of, and if he might have done so by such care he cannot recover for the expense and sickness and loss of time, but in this case he would be entitled to his actual expense in getting home. If, however, you find that plaintiff was a passenger on defendant's cars, was carried beyond his destination where defendant ought to have stopped to discharge him, and after arriving at the tank he was negligently required to get off in the rain and expose himself to inclement weather, and he proceeded home in the rain, and if you find that he used ordinary care to avoid such exposure, and of this you are to judge from the circumstances, you will find for plaintiff his actual expenses in going home and a reasonable compensation for such exposure; and if you further find that such exposure caused him to be sick as alleged, and the sickness was the proximate cause or the natural and necessary consequence of the exposure, you will also find for plaintiff such other and further amount, as damages, as he may be entitled to by way of pecuniary compensation for his pain and suffering, physical and mental, attending and incident to his sickness, and also such other amount as he necessarily incurred for medical bills and for loss of time."

*Davis & Beall*, for appellant, on the measure of damages, cited: Railroad Co. *v.* Le Gierse, 51 Tex., 189; Thompson on Negligence, vol. 2, pp. 1154-1160; Hobbs *v.* London R'y Co., 44 L. J. (Q. B.), 49; Indianapolis R'y Co. *v.* Birney, 71 Ill., 391; Huntsman *v.* G. W. R'y Co., 20 Upper Canada (Q. B.), 24; Sutherland on Damages, vol. 3, pp. 254-5 and notes; Johnson *v.* Wells, 6 Nev., 224-232; Williamson *v.* G. T. R'y Co., 17 Upper Canada, C. P., 615; Hobbs *v.* The London R'y Co., L. R., 10 Q. B., 111; Turner *v.* Strange, 56 Tex., 141; R. R. Co. *v.* Leslie, 57 Tex., 83.

*E. L. Antony*, for appellee, on measure of damages, cited: White & Willson's Civil Cases, sec. 255; Weed *v.* R. R., 17 N. Y., 362; Williams *v.* Vanderbilt, 28 N. Y., 217; M. & C. R. R. *v.* Whitfield, 44 Miss., 466; M. & O. R. R. *v.* McArthur, 43 Miss., 180; Thompson *v.* R. R., 50 Miss., 315; Brown *v.* R. R., 54 Wis., 342; Heirn *v.* McCaughan, 32 Miss., 17.

West, Associate Justice.— Time will not permit of our entering into an extended consideration, discussion and comparison of the

many authorities bearing on the interesting question now before us, with a view of determining with entire precision what, under the facts of this particular case, is the true rule by which the jury should be guided in ascertaining the amount of damage (if any) sustained by the appellee for which the appellant is legally answerable.

We have, however, given the case a great deal of consideration, and have examined very carefully all the authorities on the subject that we have access to at this point.

In this investigation we have been greatly aided by the carefully prepared brief of the able and experienced counsel representing the appellant.

We must, however, under the circumstances, content ourselves in disposing of the questions raised by the assignment of error, with stating that we believe the district court committed no serious error in holding that the pleadings of appellee, as finally amended, presented, in substance, in a sufficiently intelligible manner (though not as clearly and distinctly as should have been done), a good cause of action against the appellant for the damages claimed.

The charge of the court, taken as a whole, cannot be said to be erroneous, and fairly enough presented to the consideration of the jury the main issues in the case. Nor was there error in refusing the instructions asked by the appellant, under the facts and circumstances of the case as developed by the evidence.

In the examination of the questions raised, much attention has been given to the case of Hobbs v. L. & S. W. R. R. Co., 10 L. R., Q. B., 111, and also to the case of The Indianapolis, etc., R. R. Co. v. Birney, 71 Ill., 391. The well considered case of Walsh v. Chicago, M. & St. Paul R. R. Co., 42 Wis., 23–28, as well as other kindred authorities bearing directly on the immediate question under consideration, have also been examined.

Much attention has also been given to the discussion of the rule in Hadley v. Baxendale, 9 Exch., 341; S. C., 26 Eng. L. & E. R., 398. See Sedgwick on Meas. of Dam. (7th ed.), vol. 1, pp. 122 and 218 to 230 *et seq.*

As before stated, after as full and as careful a consideration of the subject as we have been able to give it, we have come to the conclusion that the English rule, laid down in the above cases and others following them, is too narrow and restricted, and that a more liberal one, in estimating the damages in this class of cases, should be applied.

We believe that in cases of the character now under consideration

the just and proper rule is: that the appellant, having unquestionably violated its contract of carriage with the appellee, should be held responsible in damages to him for the discomfort, inconvenience, sickness, expenses, costs and charges which are shown by the proof in this case to have been the direct and proximate, natural and probable result of the appellant's breach of duty.

In this view of the subject we are fully sustained by the following cases: Brown v. Chicago, etc., R. R. Co., 54 Wis., 343; Klein v. Jewett, 26 N. J. Eq., 474; Matteson v. N. Y., etc., R. R. Co., 62 Barb., 364; Memphis, etc., R. R. Co. v. Whitfield, 44 Miss., 466; Spicer v. Chicago & N. W. R. Co., 29 Wis., 580; Heirn v. McCaughan, 32 Miss., 17; Weed v. Panama R. R. Co., 17 N. Y., 363.

To these many other cases could be added, to the same effect.

In the recent work of Sutherland on Damages, vol. 1, pp. 78, 102, 103, published during the present year (1884), the author, after discussing the rule as to the measure of damages in cases like the one now under consideration, and reviewing the more recent authorities, states that the rule laid down in the case of Hobbs v. L. & S. W. R. R. Co., cited above, is considered now, at this day, "too strict" to be applied in cases like the present. He also, in this connection, criticises very properly the views announced in that case as to what are "*secondary consequences*," and what matters may be properly considered as "*the result of the breach*" of the contract of carriage.

After reviewing quite fully the more recent authorities, he announces, as gathered from their consideration, the better rule to be: That in this class of cases, where the sickness or injury, or discomfort, is the direct or the proximate consequence of the wrongful act, the resulting pain and suffering are also elements of the injury, for which compensation may be rightfully demanded.

On this same subject, also, Field, in the revised edition of his work on Damages, p. 343, observes:

"Where there was an agreement to take a passenger at a certain point, and a failure on the part of the carrier to stop at that point, and in consequence thereof the passenger suffered *great bodily exposure*, these facts may be shown in aggravation of the damages sustained."

In this connection, too, the case of Williams v. Vanderbilt, 28 N. Y., 217, may also be examined, and will be found to fully sustain the views here expressed, as applicable to the class of cases like the one now under consideration.

This question, too, has been carefully considered by our own court of appeals, and the rule as to the measure and elements of damage

in this character of suit was laid down by them very clearly in accordance with the above cited authorities, and in harmony with the views herein expressed on that subject. See the interesting case of The H. & Tex. C. R. R. Co. v. Rand, Tex. Ct. App., W. & W. Civil Cases, sec. 255.

Under all the circumstances and facts of this case, as before stated, we are of the opinion that the pleadings of the appellee, as finally amended, set forth fairly enough a good cause of action, and a proper case for the character of damages demanded.

We do not consider the objection raised to the introduction in evidence of the testimony of the physicians, Doctors Antony and Threat, as well taken. As a matter of fact, too, it appears from the record that a Doctor Threat was the first physician who was in actual attendance on the appellee.

It would have been more satisfactory, perhaps, to have had before the jury the evidence of the other attending physician; the record shows, however, that he was prevented from testifying by sickness at the time of the trial. Under the circumstances, the admission of the evidence of Doctor Antony worked no injury to the appellant, and was, we think, competent evidence as to the matters to which he testified.

The Texas cases cited by the appellant have all been carefully examined, and are not believed to contain anything at variance with the views herein expressed, as applied to the special case in hand.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered November 11, 1884.]