## Pullman Palace Car Company v. D. McDonald.

### No. 88.

**1. Sleeping Car Tickets — Measure of Damages.** —Appellee's ticket
from San Antonio to Galveston was via Southern Pacific Railway to Houston,
and via International & Great Northern from thence to Galveston.  After its in-
spection, appellant's agent in San Antonio sold appellee a ticket for a berth on
the sleeper San Pedro. from San Antonio to Galveston.   At Houston the sleeper
was attached to a Gulf, Colorado & Santa Fe train, and appellee, about six miles.
from Houston, was put off the train because his railway ticket did not entitle him
to ride on that train, and because he refused to pay fare, having no money.   It
was reasonably within the contemplation of the parties when the sleeping car
ticket was sold, that appellee would be subject to ejection from the sleeper for·
nonpayment of railway fare, if the sleeper was not transported to Galveston over
the route called for, and the measure of damages would be such expense, loss of
time, and mental suffering as directly resulted therefrom.

**2.  Mental Suffering not within the Contemplation of the Par-
ties.**—Plaintiff was permitted to testify to his mental distress, after his return
to Houston, by reason of his not arriving at Galveston on the morning of the
same day, and his apprehension of discharge from his employer's service by reason
thereof, and his inability to make remittance to his principal according to his
usual custom.   (He was a sewing machine agent.)   These causes of damage were
not reasonably within the contemplation of the parties when the contract was
entered into, and if cause for damage at all, should have been alleged, and de-
fendant's knowledge of them proved.

**3. Evidence that Plaintiff had no Money** was admissible, although it
was not alleged that the state of plaintiff's resources was known to defendant.
It was the duty of plaintiff to pay the railroad fare if he had the money, because
he must use reasonable care not to aggravate the damages, and for this reason
the evidence was admissible.

**4. Damages — General Discomfort and Inconvenience.** — Though
plaintiff would not be entitled to recover for mental anxiety occasioned by his.
failure to reach Galveston, on account of special business considerations, still his
general discomfort and inconvenience growing out of such failure would be
proper elements of damage.

Appeal from Galveston.    Tried below before Hon. Wm. H. Stewart.

*Hume & Kleberg*, for appellant.—1.   Upon a breach of contract, the
damages which the injured party is entitled to recover for such breach
are such as may fairly and reasonably be considered as arising naturally—

that is, according to the usual course of things—from the breach itself, or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as a probable result of a breach of it. Express Co. v. Darnell Bros., 62 Texas, 639; Greenwood v. Pierce, 58 Texas, 130; Brandon v. Manufacturing Co., 51 Texas, 121; Seale v. Railway, 65 Texas, 277; 1 Suth. on Dam., 77-79; 3 Suth. on Dam., 426; Railway v. Curry, 64 Texas, 85; Comminge v. Stevenson, 76 Texas, 645.

2. The court erred in allowing plaintiff's counsel, over the objection of defendant, to ask his witness W. T. Wall whether plaintiff suffered mental distress by reason of having to leave the train, and to what such mental distress, if any, was due; plaintiff's counsel stating his purpose to be to prove by witness that plaintiff did suffer mental distress by reason of having to leave the car, and that such distress was due to his anxiety to reach Galveston Monday morning, and to his apprehension of discharge by his employer, and to his desire to remit to his employer that day. Hunt v. Reilly, 50 Texas, 102; Clardy v. Callicoate, 24 Texas, 172; Half, Weiss & Co. v. Curtis, 68 Texas, 640; Gabel v. Weisensee, 49 Texas, 131; 2 Willson's C. C., sec. 1109.

*Lovejoy & Sampson*, for appellee.—1. In a suit against a carrier for improperly putting a passenger off of one of its cars, general allegations of damage are sufficient to admit proof of such damages as naturally and necessarily follow the wrongful act. Mental suffering, discomfiture, inconvenience, expense, etc., are the natural and proximate results of the breach of the contract, and are implied and need not be plead. Railway v. Terry, 62 Texas, 380; Railway v. Curry; 64 Texas, 85; Railway v. Gilbert, 64 Texas, 536; Railway v. Wilson, 69 Texas, 739; Palace Car Co. v. Smith, 79 Texas, 468; Nevin v. Palace Car Co., 106 Ill., 234; Palace Car Co. v. Taylor, 65 Ind., 153; 1 Sheldon, 457; 76 N. Y., 402.

2. It is competent to prove the declarations expressive of the bodily or mental feelings when an issue. Pridgen v. Hill, 12 Texas, 374; Willis v. Chambers, 8 Texas, 150; Morris v. Runnells, 12 Texas, 175.

3. It was the duty of plaintiff to have paid the train fare if he had the money or could have gotten it; because where one person is injured in person or property by the negligence of another, it is the duty of such party not to aggravate the damages, but, to the contrary, to use reasonable care, diligence, and prudence to lessen or limit the damages; and if he fails in this duty, he can only charge the defendant with such damages as would have resulted had the duty been performed. 1 Suth. on Dam., 148; 3 Suth. on Dam., 729; Field on Dam., 130.

GARRETT, CHIEF JUSTICE.—Appellee bought an excursion ticket from Galveston to San Antonio and return, via the International & Great

Northern Railway from Galveston to Houston and the Southern Pacific from Houston to San Antonio.

When ready to return from San Antonio to Galveston he applied to the agent of the appellant at San Antonio for a sleeping car ticket. The agent required him to produce his railroad ticket, which the appellee did, and then sold appellee a ticket for a berth on the sleeper San Pedro from San Antonio to Galveston, for which he paid the agent the price demanded. On arrival at Houston the car San Pedro was detached from the Southern Pacific train and attached to a Gulf, Colorado & Santa Fe train, to be taken to Galveston. After having proceeded a short distance from Houston, appellee was advised by the conductor of the sleeping car that he could not travel over the Gulf, Colorado & Santa Fe on his train ticket, because it was for passage over the International & Great Northern Railway. He claimed his right to go to Galveston on the San Pedro, but he was told by the railway conductor that he must pay fare or leave the train. Not having money to pay fare, he chose to leave the train, and was, from about six or seven miles out, returned to Houston free of charge on a north bound train over the Gulf, Colorado & Santa Fe Railway.

This action was brought to recover damages for the breach of appellant's contract to carry the appellee to Galveston in one of its sleeping cars.

Plaintiff alleged, that by reason of the breach he suffered much trouble, inconvenience, annoyance, delay, expense, mental pain, and distress. The cause was tried by a jury, and resulted in a verdict and judgment in favor of the plaintiff for the sum of $879.15.

The sleeping car ticket contained the stipulation, "Good for this date and car only, when accompanied by first class railroad ticket; San Antonio to Galveston," and was sold after defendant's agent had inspected the plaintiff's railroad ticket. Plaintiff had no knowledge of any exclusive arrangement between the defendant company and the Gulf, Colorado & Santa Fe Railway Company, by which the latter should transport the cars of the former from Houston to Galveston, and could rely upon an implied undertaking on the part of the defendant to carry him to Galveston over the route designated in his railroad ticket. It was reasonably within the contemplation of the parties when the sleeping car ticket was sold and the contract of carriage entered into, that the plaintiff would be subject to ejection from defendant's car for nonpayment of fare, if said car should not be transported to Galveston over the route called for, which was the International & Great Northern Railway. Hence the measure of damage would be for such mental suffering or feeling of humiliation as attended the ejection as a direct result therefrom, and such inconvenience, expense, and loss of time as might be shown to be the di-

rect, natural, and proximate result of the breach of the contract to carry. Railway v. Gilbert, 64 Texas, 536; Railway v. Terry, 62 Texas, 380.

Plaintiff was permitted to testify, over the objection of the defendant, that upon his return to Houston he experienced mental distress by reason of his not arriving at Galveston on the morning of the same day, and from the apprehension that his delay might cause him to be discharged from his employer's service, and from the fear that he could not get to Galveston in time to make a remittance to his principal, according to his usual custom of transacting business with his principal.

The causes for damages shown by this evidence, other than such mental worry as might ordinarily attend his delay in reaching Galveston, were not reasonably within the contemplation of the parties at the time the contract was entered into, and if cause for damages at all, it should have been alleged and proved by the plaintiff that the facts were known to the defendant at the time, and that plaintiff was liable by reason of the condition of his business affairs to suffer loss if he should not reach Galveston in the morning rather than in the evening. For the same reason the court erred also in the admission of the evidence of W. T. Wall, a witness for the plaintiff, as well as for the further reason that part of this testimony was the mere opinion of the witness.

Plaintiff was permitted to show that he did not have sufficient money to pay his fare to Galveston, as a reason why he did not pay fare and continue on his journey, instead of suffering himself to be ejected. The defendant objected to the evidence as irrelevant and immaterial, and that there was neither allegation nor evidence that the state of the witness' resources was communicated or known to defendant when the ticket was purchased, and that the damages that might result from the fact were not in the contemplation of the parties at the time the contract was made. A passenger will not be required to pay fare twice, or fare in excess of the proper fare, to prevent the damages resulting from a wrongful ejection by the carrier. Railway v. Mackie, 71 Texas, 491. But in this case no additional fare was demanded by the defendant, and the ejection was made for the failure of the plaintiff to pay the railroad fare, and we think that under the circumstances it was the duty of the plaintiff to pay the railroad fare if he had the money, so as not to aggravate the damages, the rule being that he must use reasonable care to prevent the aggravation of damages; and for this reason the evidence was admissible.

Defendant requested the following charge, the refusal of which is assigned as error:

" By the issuance of the sleeping car ticket by the agent at San Antonio, the defendant assumed no liability for any breach thereof that might occur, unless damage should follow such breach, and such damage was proximate to the breach.

" Defendant is in no event liable for any damage to plaintiff's feelings,

or for his mental distress growing out of his failure to get to Galveston at the regular morning hour of arrival of the train which he left at the switch, or growing out of his fear of discharge from service in the sewing machine company."

There was no error in refusing this instruction, because, while the plaintiff would not be entitled to recover for mental anxiety occasioned by his failure to reach Galveston on account of special business considerations, still his general discomfort and inconvenience growing out of such failure would be proper elements of damage.

As the judgment of the court below will be reversed for the error indicated with reference to the admission of evidence, it will not be necessary to pass upon the assignment of error, that the verdict of the jury is excessive in amount, nor those relating to the language of plaintiff's counsel in examining the witness Curry and in his opening remarks to the jury, as they also relate to the probable prejudice of the jury in assessing damages which are assigned as excessive.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 23, 1893.