INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V.
ANNIE HARDER ET AL.

### Decided May 19, 1904.

**1.—Passenger—Delayed Train—Wreck—Negligence.**

A delay of twenty-four hours in the arrival of a train, leaving plaintiff in the depot of a small station where there were no accommodations, makes a prima facie case of negligence on the part of the railway in failing to comply with its implied contract, entered into when it sold the ticket to carry plaintiff through to her destination without unreasonable delay. And in this case, the delay being caused by a wreck, the railway, in order to defeat this prima facie showing, must prove that it was in no way responsible for the wreck and that it used due diligence to resume operation.

**2.—Measure of Damages—Delayed Train.**

The value of time lost, the physical discomfort incident to plaintiff's having to remain for twenty-four hours in a depot while waiting for a train and the additional expense caused by her delay, are elements which a railway might reasonably have anticipated as the result of such delay and for which it is consequently liable.

**3.—Same—Physical Discomfort—Ordinary Person.**

In measuring the damages to which a plaintiff is entitled by reason of physical discomfort and inconvenience, she must be considered a person of ordinary health and strength in the absence of proof to the contrary.

**4.—Verdict—Excessive.**

Verdict of $150 allowed as damages for plaintiff's having to sit for twenty-four hours in a depot awaiting the arrival of a train held excessive.

Appeal from the County Court of Brazos.  Tried below before Hon. A. G. Board.

*N. A. Stedman* and *Doremus Butler,* for appellant.

*A. C. Brietz* and *W. T. Young,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee Mrs. Annie Harder having purchased a ticket entitling her to transportation over appellant's road from the city of Palestine, in Anderson County, to the city of Bryan, in Brazos County, took passage on one of appellant's trains leaving Palestine about 8 o'clock a. m. on June 9, 1903.  This train did not run to Bryan but connected at a station on appellant's road, known as Lewis Switch, with a train on the Fort Worth branch of said road which ran to Bryan.  When the train on which Mrs. Harder left Palestine reached Lewis Switch there was no train there to take her to Bryan and none arrived at said station or left there for Bryan before 1:15 p. m. of the next day, at which time she left said station and went to the town of Hearne, where she took a train on the Houston & Texas Central Railroad for Bryan, at which place she arrived about 4 o'clock p. m. of that day.

This suit was brought by Mrs. Harder, joined by her husband E. C. Harder, to recover damages for the inconvenience and the mental and physical pain and suffering caused her by the alleged negligence of the appellant in failing to transport her from Palestine to Bryan without

unreasonable delay as it had contracted to do by the sale to her of said ticket. The trial in the court below by a jury resulted in a verdict for plaintiff in the sum of $150.

In addition to the facts before set out, the evidence shows that the train on which Mrs. Harder left Palestine reached Lewis Switch about 1 o'clock p. m. on June 9th. There were several ladies traveling with her. When they reached Lewis Switch appellant's station agent at that place told them that the train to Bryan was several hours late and would not be along until late in the evening. They remained at the station until night, and the train not having arrived, at the suggestion of the agent they went to the town of Hearne, which is about two miles distant from said station, and got supper. They returned to said station about 12 o'clock that night. The train did not arrive during the night, and plaintiff remained all night and until 1 o'clock p. m. the next day in the station waiting-room waiting for a train to carry her to Bryan. There was no hotel at Lewis Switch and no accommodations of any kind could be had at said station. The only seats in the station waiting-room were wooden benches with iron intersections which prevented their use except for seats. The agent at said station from time to time informed Mrs. Harder and her companions that the train would arrive in a few hours, and relying on these assurances they remained at said station during the time above stated. If they had not been misinformed by said agent as to the time the train would arrive they would have remained at Hearne when they went there for supper and would have taken a train on the Houston & Texas Central Railroad and reached Bryan about 4 o'clock a. m. of June 10th. If the train on appellant's road from Lewis Switch to Bryan had been on time appellee would have reached Bryan about 4 o'clock p. m. of the day on which she left Palestine. This train was delayed by a wreck which occurred on appellant's road at some point north of Lewis Switch. There is no evidence as to the cause of this wreck. The fact that the wreck had occurred and that there would be no train from Lewis Switch to Bryan during the day and night of June 9th was known to appellant's agent at Bryan prior to 4 o'clock p. m. of that day, and he informed appellee E. C. Harder about that time that he would telegraph to the agent at Lewis Switch to have the passengers for Bryan transferred at Hearne to the Houston & Texas Central Railroad. If this telegram was ever sent the agent at Lewis Switch failed to comply with the instructions therein contained, or to notify Mrs. Harder of its contents. Mrs. Harder was not made sick and suffered no physical injury of any kind by having to remain up all night at Lewis Switch. As before stated, she was not alone but had several companions with her. She was not mistreated in any way; on the contrary the evidence shows that appellant's employes were polite and attentive and did all they could to make her comfortable. The injury which she claims to have suffered is thus stated in her testimony: "It was a very unpleasant wait to sit there from 12 o'clock that night until 12 o'clock the next

day. To say the least of it, it was very uncomfortable to sit there in the depot. It was not a very cleanly place. You know it is quite uncomfortable even to sit in a rocking chair all day."

We think the evidence at least makes a prima facie case of negligence on the part of appellant in failing to comply with its contract to transport appellee from Palestine to Bryan without unreasonable delay. It was shown that appellant's train from Lewis Switch to Bryan was due to arrive at Bryan about 4 o'clock p. m. on June 9th. Appellee's ticket entitled her to transportation on this train. She reached Lewis Switch about 1 o'clock p. m. on said day and remained there waiting for said train to Bryan for about twenty-four hours. This was an unreasonable delay and a breach of appellant's implied contract arising from its sale of the ticket to appellee. If facts existed which would justify or excuse this delay such facts were peculiarly within the knowledge of appellant, and in order to defeat the prima facie case made by appellees it devolved upon appellant to the show cause of the delay and that said delay was excusable. The evidence shows that the train was delayed on account of a wreck on appellant's road, but the character or cause of the wreck is not shown, and it will not be presumed, in the absence of any evidence on the subject, that appellant was in no way responsible for said wreck or that it used due diligence to repair the damage to its track and resume the operation of its trains.

The second assignment of error complains of the verdict on the ground that it is excessive in amount. Appellant can only be held liable for such damages as it could reasonably have anticipated might have resulted from its negligent failure to carry out its contract with appellee without unreasonable delay. Texas & P. Ry. Co. v. Bigham, 90 Texas, 225.

The plaintiffs alleged no facts which would entitle them to recover damages for mental anguish suffered by Mrs. Harder, and the trial court properly sustained exceptions to that portion of the petition which sought to recover for her mental pain and suffering.

The value of the time lost by Mrs. Harder and the physical discomfort and inconvenience incident to her having to remain for twenty-four hours in appellant's waiting room at Lewis Switch, and the additional expense, if any, caused by her delay, are elements of damage for which appellant might be held liable, because it might reasonably have anticipated that such damage would result from its delay in transporting her from said station to Bryan. In measuring the damages to which appellee is entitled by reason of physical discomfort and inconvenience caused by her being compelled to remain at such station, she must be considered a person of ordinary health and strength, for there is neither allegation nor proof to the contrary, and if the proof were otherwise, in the absence of evidence that appellant was informed of her condition it would not affect its liability.

There is no evidence as to the time lost by Mrs. Harder, and the only evidence as to physical discomfort and inconvenience suffered by her is

found in her statement that it was unpleasant and uncomfortable to sit in appellant's waiting-room from 12 o'clock at night to 12 o'clock the next day. While the discretion allowed a jury in estimating adequate compensation for physical suffering is wide, the damages allowed must not be unreasonable when measured by common knowledge and experience as to the degree and extent of the suffering. Measured by this rule we think the verdict is excessive.

We remand the cause in lieu of requiring a remitter, because there is no evidence as to the value of the time lost by appellee by reason of her delay and she is entitled to have the jury pass upon that issue.

Because in our opinion the verdict of the jury is excessive, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*