SAN ANTONIO & A. P. RY. CO. v. THIG-PEN et ux.

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913.)

CARRIERS (§ 277*)—PASSENGERS—FAILURE TO STOP TRAIN—DAMAGES.

A railroad company, failing to stop its train at a station to take up a passenger for a nearby city, the station being one at which

the train was scheduled to stop, is liable for such direct and consequential damages sustained as were reasonably within the contemplation of the parties, and if the company had notice of a diseased condition of the passenger's teeth, etc., it would be liable for additional suffering caused by the delay in reaching a dentist through the company's failure to stop the train; but, in the absence of such knowledge or notice, the company is not liable for such mentioned element of damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. § 277.*]

Appeal from Wilson County Court; E. D. Mayes, Judge.

Action by J. H. Thigpen and wife against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Berry & Browne, of San Antonio, for appellant.

MOURSUND, J. J. H. Thigpen purchased tickets to San Antonio for himself and wife, S. V. Thigpen, from appellant's agent at Saspamco, a flag station, intending to take the train passing said station at 6:30 a. m. The agent signaled the train, but it failed to stop. Saspamco is on the line of appellant's railway between Floresville and San Antonio, being 11½ miles from Floresville and 18½ miles from San Antonio. At that time appellant was running three passenger trains each way between San Antonio and Floresville; those to San Antonio passing Saspamco at about 6:30 a. m., 12:30 p. m., and 6:30 p. m., and those to Floresville at about 9:15 a. m., 3 p. m., and 9:15 p. m., all of which stopped at Saspamco regularly or were supposed to stop upon being flagged. At the time when the Thigpens bought the tickets, Mrs. Thigpen was suffering with her teeth and inflamed gums and needed dental treatment, and their purpose in going to San Antonio was to procure such treatment; but neither appellant nor its agent had any knowledge or notice of her condition or their purpose in going to San Antonio until after the train passed Saspamco. On account of the failure of the train to stop, the appellees waited over until next morning before going to San Antonio, during which time Mrs. Thigpen suffered very much. There was no dentist or physician at Saspamco, but there were dentists at San Antonio, and there were also dentists at Floresville, of which fact appellees had notice, but Mrs. Thigpen was not in good health and did not desire to travel in the heat of the day and wished only to patronize a "painless dentist" in San Antonio; consequently they remained in Saspamco until the next morning and then went to San Antonio.

Appellees instituted their suit in the justice's court, and recovered judgment for $200, from which judgment an appeal was perfected to the county court. Upon a trial before the court they again recovered judgment for $200. The pleadings in the justice's court were oral, but in the county court the plaintiffs filed a petition in which recovery of $200 was sought on account of the suffering, physical pain, and injury sustained by Mrs. Thigpen during the delay of one day in reaching San Antonio, and it was alleged that such delay was caused by the gross and willful negligence of appellant and its agents and servants. It was not alleged that appellant or its agent had any knowledge or notice of Mrs. Thigpen's condition at the time the train passed, nor of the purpose for which they intended going to San Antonio. Appellant's pleading consisted of a demurrer, special exception because of the failure to allege notice or knowledge on its part of Mrs. Thigpen's condition at the time of the making of the contract between appellant and appellees and of its alleged breach, and also a general denial.

The assignments of error present the following questions: (1) Whether appellant, under the facts of this case, would be liable to appellees only for nominal damages, or could they recover on account of the suffering by Mrs. Thigpen in the absence or knowledge or notice on the part of appellant of her condition? (2) If so, whether appellees negligently contributed to the suffering by not taking an earlier train to San Antonio or Floresville, and obtaining relief for Mrs. Thigpen, and should appellant be relieved of liability for the added suffering caused by such neglect?

In this suit the price of the tickets was not sought to be recovered. In fact, they were used the next day. Nor was it sought to recover for loss of time or inconvenience, nor for discomfort except such as was suffered by Mrs. Thigpen on account of the condition of her teeth and gums. At the time the tickets were bought, her teeth and gums were in such condition as to cause her much suffering. This suffering continued until she visited a dentist on the following day and obtained relief; but the suffering was caused solely by the condition existing at the time the tickets were purchased, of which condition appellant had no knowledge or notice until after the train had passed. Appellant would be responsible for such direct and consequential damages flowing from its failure to stop the train as were reasonably within the contemplation of the parties under the facts of which it had knowledge or notice. If it had knowledge or notice of the condition of Mrs. Thigpen's teeth and gums, it would be liable for damages for the additional suffering by reason of such condition endured during the delay in reaching a dentist caused by appellant's failure to stop its train. Not having such knowledge or notice until after the train had passed, it would not be liable in damages for such suf-

fering. I. & G. N. R. R. Co. v. Flores, 26 S. W. 899; I. & G. N. R. R. Co. v. Sammon, 35 Tex. Civ. App. 96, 79 S. W. 854; I. & G. N. R. R. Co. v. Harder, 36 Tex. Civ. App. 151, 81 S. W. 356; T. & P. Ry. Co. v. Lynch, 73 S. W. 68; Pullman Co. v. McDonald, 2 Tex. Civ. App. 322, 21 S. W. 945.

This conclusion makes it unnecessary to pass upon the question whether appellant should be held liable for the added suffering occasioned by the failure of appellees to take the train to Floresville or the 12:30 train to San Antonio in order to obtain relief.

Appellees, under the pleadings and proof in this case, were only entitled to recover nominal damages. The judgment of the lower court is reversed and here rendered in favor of appellees for $1, and all costs except the costs of this appeal, which are adjudged in favor of appellant.

Reversed and rendered.